IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-16-267 |
| | * | |
| JAMAL SMITH | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM

Jamal Smith is a federal prisoner serving a 71-month sentence for drug trafficking offenses. Now pending is Smith's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "compassionate release" statute), based on an underlying health condition that increases his risk of serious illness related to COVID-19. (ECF 1516). The government opposes the motion, (ECF 1524), and Smith has replied, (ECF 1527). For the reasons explained below, the motion will be denied.

### BACKGROUND

From 2011 to 2016, Smith was a member of a conspiracy to distribute heroin and cocaine base in furtherance of gang activity. (ECF 350 at 1–2, 6 (Plea Agreement)). In March 2017, Smith pled guilty to one count of racketeering conspiracy in violation of 18 U.S.C. §1962(d), and one count of drug trafficking conspiracy in violation of 21 U.S.C. § 846. (*Id*. at 1–2). As part of his plea, Smith admitted that between one and three kilograms of heroin and between 280 and 840 grams of cocaine base were reasonably foreseeable to him. (*Id*. at 6). On June 12, 2017, Smith was sentenced to 71 months' imprisonment as to Counts One and Two, to run concurrent, followed by a five-year term of supervised release. (ECF 549 (Judgment)).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts

1

to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id*. But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if 30 days has lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

The government does not contest that Bailey's motion is properly before the court. (Opp'n at 5–6, ECF 1524 ("Smith . . . meets the administrative remedies exhaustion requirement.")). The only issues are (1) whether "extraordinary and compelling reasons" warrant reduction of Smith sentence and (2) if there is such a reason, whether the § 3553(a) factors weigh in favor of a sentence reduction.

**DISCUSSION**

Under 28 U.S.C. § 994(t), the United States Sentencing Commission is responsible for defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). According to the Commission's Policy Statement, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse

or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S.S.G. §1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, --- F. Supp. 3d ----, 2020 WL 1676219, at *3 (D. Md. Apr. 6, 2020) (citing cases).[1]

Smith argues that his risk of developing serious illness related to COVID-19 due to his underlying medical condition (asthma) constitutes an "extraordinary and compelling" reason to reduce his sentence. (Mot. at 5–6, ECF 1518). The Centers for Disease Control ("CDC") has issued guidance on underlying conditions that increase an individual's risk of severe illness related to COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated July 17, 2020). The CDC distinguishes between those conditions where someone "[is] at increased risk" (e.g., obesity), and those where someone "might be at an increased risk" (e.g., hypertension). *Id*. Asthma is in the latter group. *Id*.

The court is not persuaded that Smith's underlying medical condition rises to the level of an "extraordinary and compelling reason" warranting a sentence reduction. Smith is relatively young (28 years old), and while the court does not doubt that Smith's asthma impacts his life, the

---

[1] The court's independent discretion stems from the First Step Act of 2018, which, *inter alia*, amended 18 U.S.C. § 3582(c) with the stated goal of "increasing the use and transparency of compassionate release." *See* First Step Act § 603(b), Pub. L. No. 115-391, 132 Stat. 5194; *see also Decator*, 2020 WL 1676219, at *1–3 (explaining Policy Statement § 1B1.13's partial inconsistency with the First Step Act amendments to § 3582(c)).

3

CDC now classifies asthma as a lesser risk factor for severe illness related to COVID-19. Absent evidence of other underlying conditions that make Smith particularly vulnerable to COVID-19, the court does not believe Smith's asthma is grounds for compassionate release. *See, e.g., United States v. Brown*, No. CR SAG-10-0344, 2020 WL 3833284, at *4 (D. Md. July 8, 2020) ("Just because Brown might have one underlying condition that elevates his risk for severe illness from COVID-19 does not mean that he is entitled to compassionate release. Instead, his underlying medical conditions must compellingly increase his risk for severe illness, or death, if he were to contract COVID-19.").[2]

The court acknowledges Smith's concerns about the spread of COVID-19 at FCI Danbury, where he is currently incarcerated. But in light of the court's conclusion that Smith's underlying condition does not rise to the level of an "extraordinary and compelling reason" warranting a sentence reduction, the court also finds that the risk of spread at FCI Danbury does not provide grounds for Smith's sentence to be reduced.[3]

## CONCLUSION

For the foregoing reasons, Smith's motion for compassionate release (ECF 1516) will be denied. The associated motions to seal (ECF 1517, 1523, 1526) will be granted to protect the confidentiality of personal medical information. A separate order follows.

    8/5/20                                                                         /S/  
Date                                                                                Catherine C. Blake  
                                                                                     United States District Judge

---

[2] Unpublished opinions are cited for the persuasiveness of their reasoning rather than any precedential value.
[3] As no extraordinary and compelling reasons exist for a sentence reduction, the court need not address the 18 U.S.C. § 3553(a) factors.